08 CV 03336
08 CV 03336

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

HANGZHOU XIAOSHAN FOREIGN TRADE AND
ECONOMY CO., LTD.,

                                 Plaintiff,             Case No.

       -against-

W&F APPAREL INC. and WALLACE WONG,    COMPLAINT

                              Defendants.
-------------------------------------------------------------X

Plaintiff, Hangzhou Xiaoshan Foreign Trade and Economy Co., Ltd., by its attorneys, Kazlow & Kazlow, for its Complaint against defendants, alleges as follows:

### The Parties

1.     Hangzhou Xiaoshan Foreign Trade and Economy Co., Ltd. is, and at all relevant times was, a corporation formed and existing under the laws of the People's Republic of China, having its principal office and place of business at 10F, Tower A, Golden City Square, No. 398 Shixin M. Road, Xiaoshan City, Province Hangzhou, Zhejiang, China.

2.     Upon information and belief, defendant, W&F Apparel Inc, is a corporation formed and existing under the laws of the State of New York, having an actual place of business at 1407 Broadway, Suite 2201, New York, NY 10018 and another actual place of business at 1031 East Las Tunas Drive, San Gabriel, CA 91776.

3.     Upon further information and belief, defendant Wallace Wong is an individual having an actual place of business at 1407 Broadway, Suite 2201, New York, NY 10018 and another actual place of business at 1031 East Las Tunas Drive, San Gabriel, CA 91776.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction over this matter on grounds of the diversity of the citizenship of the parties, pursuant to 28 U.S.C. §1332(a)(1). Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (c).

## Background

5. Beginning on or about September 4, 2002, and continuing through on or about December 5, 2007, plaintiff and W&F Apparel, Inc. ("W&F") entered into a series of agreements (hereinafter referred to as "the Agreements") pursuant to which W&F purchased clothing from plaintiff for the purpose of resale.

6. Pursuant to the Agreements, W&F agreed to pay the full purchase price of the clothing and the freight charges incurred by plaintiff in shipping it to W&F. In addition, in a written agreement dated September 4, 2002, defendant Wallace Wong ("Wong") agreed to guarantee the obligations of W&F to plaintiff under the Agreements.

7. Defendants have failed to tender payment in full for the clothing provided to W&F by plaintiff. In fact, defendants have made no payments since December of 2005.

8. At present, defendant owes plaintiff the amount of $854,349.57, with interest from December 31, 2005.

## AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST DEFENDANT W&F APPAREL, INC.

9. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 8 above, as if fully set forth herein.

10. Plaintiff performed all of the terms and conditions of the Agreements on its part to be performed.

11. W&F breached the Agreements by failing to tender payment to plaintiff for the clothing it received from plaintiff, and the applicable freight costs, despite plaintiff's due demand therefor.

12. By reason of this breach, the plaintiff has been damaged by W&F in the amount of $854,349.57, with interest from December 31, 2005.

## AS AND FOR A SECOND CLAIM FOR RELIEF AGAINST DEFENDANT W&F APPAREL, INC.

13. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 12 above, as if fully set forth herein.

14. Invoices were sent by plaintiff to W&F at its place of business.

15. Upon information and belief, the invoices were received by W&F.

16. The invoices were retained by W&F without timely objections.

17. W&F thereby acquiesced in the accounts stated by plaintiff. By reason of W&F's failure to pay these accounts stated, plaintiff has been damaged in the amount of $854,349.57, together with interest from December 31, 2005.

## AS AND FOR A THIRD CLAIM FOR RELIEF AGAINST DEFENDANT W&F APPAREL, INC.

18. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 17 above, as if fully set forth herein.

19. W&F knew that plaintiff was providing its goods (clothing) with an expectation that it would be compensated therefor.

20. The unpaid portion of the fair and reasonable value of the goods sold and delivered to W&F by plaintiff is $854,349.57.

21. Plaintiff has therefore been damaged by W&F in the amount of

$854,349.57, together with interest from December 31, 2005.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## AGAINST DEFENDANT WALLACE WONG

22. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 21 above, as if fully set forth herein.

23. Under the terms of the Agreements, Wong agreed to personally guarantee the obligations of W&F under the Agreements.

24. W&F failed to meet its obligations under the Agreements in that it failed to make all the required payments to plaintiff.

25. Wong is therefore indebted to plaintiff in the amount of $854,349.57, upon his personal guarantee, with interest from December 31, 2005.

WHEREFORE, plaintiff, Hangzhou Xiaoshan Foreign Trade and Economy Co., Ltd., respectfully requests that a judgment be entered:

A. Against defendant W&F Apparel, Inc., awarding plaintiff damages in the amount of $854,349.57, with interest from December 31, 2005, upon its First Claim for Relief;

B. Against defendant W&F Apparel, Inc., awarding plaintiff damages in the amount of $854,349.57, with interest from December 31, 2005, upon its Second Claim for Relief;

C. Against defendant W&F Apparel, Inc., awarding plaintiff damages in the amount of $854,349.57, with interest from December 31, 2005, upon its Third Claim for Relief;

D. Against defendant Wallace Wong, awarding plaintiff damages in the amount of $854,349.57, with interest from December 31, 2005, upon its Fourth Claim for Relief;

E. Awarding plaintiff its costs and disbursements in this action; and

F. Granting it such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 2, 2008

*[signature]*

Stuart L. Sanders (SS-8690)
KAZLOW & KAZLOW
Attorneys for Plaintiff
237 West 35th Street, 14th Floor
New York, NY 10001
212-947-2900