# KAZLOW & KAZLOW
### ATTORNEYS AT LAW
237 W. 35th Street, 14th Floor
New York, NY 10001
212-947-2900
800-772-9870
FAX 212-563-0629



August 21, 2008

VIA FAX (212) 805-6326

Hon. Colleen McMahon
United States District Judge
United States Courthouse
500 Pearl Street, Room 640
New York, NY 10007



*60 day Extension to serve process granted.*

Re: Hangzhou Xiaoshan Foreign Trade and Economy Co., Ltd.
    v. W&F Apparel Inc., and Wallace Wong
    Case No. 08 CV 03336 (CM)
    Our file # 58394

Dear Judge McMahon:

    My firm represents the plaintiff in the above-referenced action. I am writing to request an extension of plaintiff's time in which to serve process on the defendants.

    The action was commenced on April 3, 2008. Since the corporate defendant is a New York corporation, we were able to serve it on April 14, 2008 by delivering a copy of the Summons and Complaint to the New York Department of State. This was necessary since the defendants are no longer located at the address in Manhattan from which they transacted business with plaintiff. However, we were not able to serve the individual defendant, Wallace Wong, in that manner.

    When the action was commenced, we were informed, and pled in our Complaint, that Mr. Wong was in business at 1031 East Las Tunas Drive, San Gabriel, CA 91776, but it turned out that Mr. Wong was not at that address when we tried to have him served. We were then informed that Mr. Wong's had moved to 6205 Randolph Street, Los Angeles, CA 90040, and obtained a supplemental Summons bearing that address, which also turned out to no longer be valid.

    Since then, we learned that Mr. Wong is residing at 522 West Woodruff Avenue, #A, Arcadia, CA 91007-8344. That address has been confirmed as a good one by an inquiry to the

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/25/08
```

Hon. Colleen McMahon
August 21, 2008
Page 2

United States Postal Service, which was returned to us at the beginning of this month.

However, when we tried to obtain another supplemental summons on August 7, 2008, the Cashier's office told us that they could not issue one without authorization from Your Honor since the case is now more than 120 days old. We therefore request that your honor extend plaintiff's time in which to serve process on the defendants by at least 60 days (I would note, in this regard, that the scheduling conference in this case has been adjourned to September 26, 2008 so that Mr. Wong could be served).

Thank you in advance for your attention to this matter.

Very truly yours,

KAZLOW & KAZLOW

*[signature]*

Stuart L. Sanders